UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
G. KEYS PC/LOGIS NP, et al.,       )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )   Civil Action No. 08-1413 (PLF)
                                   )
MAISHA POPE,                       )
                                   )
            Defendant.             )
_____)

MEMORANDUM OPINION

In their complaint plaintiffs allege various common law claims arising from their consultancy on a home renovation project for the defendant. The matter is now before the Court on defendant's motion to dismiss or, in the alternative, to transfer the case to the Superior Court of the District of Columbia. After a careful review of the complaint and the parties' papers, the Court concludes that it does not have subject matter jurisdiction over plaintiffs' claims. It therefore will transfer the case to the Superior Court.

Plaintiff G. Keys PC/LOGIS NP is a consulting company and plaintiff Gregg Keys is the sole owner of G. Keys PC/LOGIS NP and a consultant for the company. See Complaint ¶¶ 2, 3. Both are allegedly Missouri residents. See id. Defendant Maisha Pope, a District of Columbia resident, allegedly entered into a contract with plaintiffs to oversee renovation work on her home. See id. ¶¶ 8-11. Plaintiffs allege that after fourteen months of work defendant suspended the project and halted further payments. See id. ¶ 25. Plaintiffs filed suit in this Court for breach of contract, unjust enrichment, and trespass to chattels.

Defendant moves to dismiss the complaint or to transfer the case to the Superior Court on two grounds: (1) the parties are not in fact diverse, and (2) there is a proceeding pending before the District of Columbia Department of Regulatory Affairs regarding the same alleged contract. Regardless of whether these arguments justify dismissal, the Court has discerned a separate defect in plaintiffs' complaint, the failure to allege the amount in controversy necessary to give a federal court jurisdiction in a diversity action. This failing requires the Court *sua sponte* to transfer the case to the Superior Court.

Federal courts are courts of limited jurisdiction, possessing only the power conferred by the Constitution and by statutes enacted by Congress. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004). A federal court does not presume that a cause of action lies within its limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. at 377; Bush v. Butler, 521 F. Supp. 2d 63, 70 (D.D.C. 2007). All plaintiffs bear the burden of establishing that the Court has subject matter jurisdiction. See Price v. College Park Honda, Civil Action No. 05-0624, 2006 WL 1102818 at *6 (D.D.C. Mar. 31, 2006) (citing Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993)).

When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*. See Prunte v. Universal Musical Group, 484 F. Supp. 2d 32, 38 (D.D.C. 2007) (citing Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (noting that, because subject matter jurisdiction "goes to the foundation of the court's power to resolve a case, [] the court is obliged to address it *sua sponte*")). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." Ashcroft v. Iqbal,

129 S. Ct. 1937, 1945 (2009).  When considering the issue of subject matter jurisdiction, the Court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiffs' favor.  See Gov't of Rwanda v. Rwanda Working Group, 150 F. Supp. 2d 1, 4 (D.D.C. 2001).

        The complaint in this case alleges that the Court's jurisdiction is established by 11 D.C. Code § 921, 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  Section 1331, governing federal question jurisdiction, is irrelevant because none of the claims in this case raise a federal question.  See Bush v. Butler, 521 F. Supp. 2d at 71 ("A federal district court does not have federal question jurisdiction over state law torts.").  Nor does 11 D.C. Code § 921 provide a basis for jurisdiction in this Court — it relates only to the jurisdiction of the Superior Court.  More likely, plaintiffs intended to assert federal jurisdiction based solely on diversity of citizenship under 28 U.S.C. § 1332.  See Complaint ¶ 1 ("The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.").

        The diversity statute, 28 U.S.C. § 1332, provides for federal jurisdiction over civil actions between citizens of different states, but only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a).  Plaintiffs do not allege damages in an amount that meets this jurisdictional bar.[1]  Plaintiffs seek damages that total

---

[1]     It appears that plaintiffs' counsel interpreted 11 D.C. Code §921(a)(2) as placing a cap of $50,000 on the amount in controversy for civil cases over which the Superior Court had jurisdiction, and thereby somehow created an independent basis for jurisdiction in the United States District Court for the District of Columbia.  Read in its entirety, however, Section 921 limited Superior Court jurisdiction with an amount in controversy cap of $50,000 *only for the first thirty months after the effective date of the Court Reorganization Act*.  See 11 D.C. Code § 921(a)(6) ("Immediately following the expiration of the thirty-month period beginning on such effective date, the court has jurisdiction (*regardless of the amount in controversy*) of any civil action or any other matter, at law or in equity, brought in the District of Columbia.") (emphasis

$52,764.08, "plus interests, costs, and attorney's fees, any and all additional damages that may be incurred between the date of filing of the Complaint and trial, plus prejudgment interest, punitive damages, and such other relief that this Court deems just and proper." Complaint at 11. Plaintiffs also demand return of the personal property which is the subject of Count III (trespass to chattels) — namely, a ladder, a ShopVac machine with attachments, and an unopened, full propane tank. See id. ¶ 42. These additional allegations do not raise the amount in controversy from $52,764.08 to an amount above the $75,000 jurisdictional bar.

First, while the ladder, the ShopVac machine, and the propane tank certainly have some value (although plaintiffs do not allege a precise amount), the dollar value of these common pieces of construction equipment could not reasonably make up the approximately $22,000 difference between plaintiffs' alleged damages and the amount in controversy requirement. Second, plaintiffs have not alleged what, if any, "additional damages" might occur between the date on which the complaint was filed, less than a year ago, and trial. The Court will not rely on the possibility of such speculative damages in determining whether plaintiffs have met their burden to establish jurisdiction. See Breakman v. AOL, LLC, 545 F. Supp. 2d 96, 107 (D.D.C. 2008).

Third, courts in this district have determined that attorneys' fees generally are not included in an analysis of the amount in controversy, unless provided for by statute or contract. See Breakman v. AOL, LLC, 545 F. Supp. 2d at 107; Wexler v. United Air Lines, 496 F. Supp. 2d 150, 154 (D.D.C. 2007); Griffin v. Coastal Int'l Sec., Inc., Civil Action No. 06-2246, 2007

---

added). The District of Columbia Court Reorganization Act of 1970, became law on July 29, 1970, see Pub. L. No. 91-358, 84 Stat. 473, and this thirty-month period therefore has long since expired.

U.S. Dist. LEXIS 40041 at *8 (D.D.C. June 4, 2007); Brand v. Gov't Emples. Ins. Co., Civil Action No. 04-1133, 2005 U.S. Dist. LEXIS 44787 at *16-18 (D.D.C. Nov. 29, 2005); Srour v. Barnes, 670 F. Supp. 18, 22 (D.D.C. 1987). Plaintiffs have not identified any statutory or contractual basis for attorneys' fees in this case, and the Court does not perceive any basis for such in the allegations of the complaint.

Finally, plaintiffs mention a request for punitive damages as part of their desired damage award. "Punitive damages may generally be included when calculating the amount in controversy under 28 U.S.C. § 1332(a)." Wexler v. United Air Lines, 496 F. Supp. 2d at 154 (citing Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002)). "When the existence of federal jurisdiction depends on a claim for punitive damages, the court should 'scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact. . . . Liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims.'" Hunter v. District of Columbia, 384 F. Supp. 2d 257, 261 (D.D.C. 2005) (quoting Kahal v. J.W. Wilson & Assocs., Inc., 673 F.2d 547, 548 (D.C. Cir. 1982)).

Plaintiffs allege causes of action both in tort and in contract. Punitive damages typically are not available for a breach of contract. See Fireman's Fund Ins. Co. v. CTIA, 480 F. Supp. 2d 7, 12-13 (D.D.C. 2007). "Punitive damages may be awarded in a tort action if the defendant's tortious behavior is accompanied by 'fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury.'" Hunter v. District of Columbia, 384 F. Supp. 2d at 261 (quoting Butera v. District of Columbia, 235 F.3d 637, 657 (D.C. Cir. 2001)). Nowhere in plaintiffs' complaint do

they allege fraud, ill will, recklessness, or any of the other aggravating factors necessary to make an award of punitive damages appropriate. In fact, the only allegation related to punitive damages in the complaint is the inclusion of an unquantified request in the catchall damage demand. This vague allegation does not give plaintiffs' claims for punitive damages a "colorable basis in law," Hunter v. District of Columbia, 384 F. Supp. 2d at 261, and is insufficient to meet plaintiffs' burden to establish jurisdiction.

For the foregoing reasons, the Court concludes that plaintiffs have not met the amount in controversy requirement for diversity jurisdiction and that it therefore may not exercise jurisdiction over plaintiffs' claims. It will transfer the case to the Superior Court of the District of Columbia. An Order accompanying this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 19, 2009